Peter Eliasberg (SBN# 189110)
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297
Email: peliasberg@aclusocal.org

Brendan Hamme (SBN# 285293)
Caitlin Sanderson (SBN# 272468)
ACLU of Southern California
1851 East First Street, Suite 450
Santa Ana, CA 92705
Telephone: (714) 450-3962
Facsimile: (714) 543-5240
Email: bhamme@aclusocal.org
Email: CSanderson@aclusocal.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Michael Diehl,<br><br>*Plaintiff,*<br><br>v.<br><br>County of Orange, Shane L Silsby, Director OC Public Works Department in his official capacity, Sandra Hutchens, Sheriff of the County of Orange, in her official capacity,<br><br>*Defendants*. | Case No. 8:17-cv-000246 DOC (KES)<br><br>**PLAINTIFF'S NOTICE OF SETTLEMENT AND REQUEST FOR DISMISSAL** |

Plaintiff hereby notifies this Court that Plaintiff and Defendants, the County of Orange, Shane L. Silsby, Director, OC Public Works Department, in his official capacity, and Sandra Hutchens, Sheriff-Coroner of the County of Orange, in her official capacity (collectively the "County") have entered into a Settlement Agreement to resolve all claims in this action and hereby request dismissal, as set forth below:

The Plaintiff and the County entered into a Settlement Agreement that was fully executed on February 16, 2017, and which became effective on February 17, 2017. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

Plaintiff, therefore, requests that, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court dismiss the action on the following terms called for by the Settlement Agreement:

First, that the Court dismiss with prejudice all claims against the Defendants in this Action, Settlement Agreement, ¶ 2;

Second, that the Court retain jurisdiction over this settlement for the sole purpose of enforcing the terms of the Settlement Agreement. *See Kokkonen v. Guardians Life Insurance Co. of America*, 511 U.S. 375 (1994); Settlement Agreement ¶ 16;

Third, that the Court provide that any motions to enforce the Settlement Agreement shall be made in the first instance before Judge David O. Carter, after the parties have made a good faith effort to resolve the matter informally. Settlement Agreement ¶ 16.

Respectfully submitted,

Dated: February 17, 2017

ACLU OF SOUTHERN CALIFORNIA

s/ Brendan Hamme
BRENDAN HAMME
Attorney for Plaintiff

# Exhibit "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between Plaintiff, Michael Diehl ("Plaintiff"), and Defendants County of Orange; Shane L. Silsby, Director OC Public Works in his official capacity; and Sandra Hutchens, Sheriff-Coroner of the County of Orange, in her official capacity (collectively referred to as "County"). Mr. Diehl and the County are collectively referred to as the "Parties" and individually as a "Party" in this Agreement.

This Agreement is effective on the date of the last executed signature and is entered into based upon the following Recitals, Terms and Conditions:

## RECITALS

WHEREAS, on February 10, 2017, Plaintiff filed a Complaint for Declaratory and Injunctive Relief, *Diehl v. County of Orange, et al.*, United States District Court Case No. 8:17-cv-246 ("Action"), against the County alleging: (1) violation of the Fourth Amendment; (2) violation of the Fourteenth Amendment; and (3) common law false imprisonment arising from alleged impacts to homeless encampments adjacent to the 57 Freeway and Angel Stadium on the eastern side of the Santa Ana Riverbed due to the Orange County's Flood Control District's ("OCFCD") Channel Maintenance and Security Project (the "Project").

WHEREAS, subsequently, on February 13, 2017, Plaintiff filed an Ex Parte Application for Temporary Restraining Order ("Application for TRO") requesting that the County be (1) restrained from imprisoning people living in the homeless encampment on the riverbed between Orangewood Avenue and Chapman Avenue; (2) ordered to permit people living in the homeless encampment on the riverbed between Orangewood Avenue and Chapman Avenue to leave the area through fences, and if evicted, to permit them to return to the area to retrieve belongings; and (3) ordered to notify people living in the homeless encampment on the riverbed between Orangewood Avenue and Chapman Avenue about where and how they can safely leave the riverbed and return to retrieve their belongings.

WHEREAS, the OCFCD and Orange County Public Works ("OCPW") are undertaking the Project in the area stretching from Orangewood Avenue to just south of the Garden Grove Freeway (22), at levee slopes under the east and west sides of the Santa Ana Freeway (5) and under the east side of the Garden Grove Freeway (22) within the permanent fencing for the Santa Ana Riverbed and embankments ("Project Area"), a property that is owned in fee by OCFCD.

WHEREAS, homeless persons are congregating within the Project Area, which the County contends is not safe for public access, use or habitation. Plaintiff alleges that he was unable to exit the Project Area for a period of time.

WHEREAS, the ACLU of Southern California has the welfare of homeless individuals residing in the riverbed in mind and, irrespective of any duty of the County to provide similar notice, intends to distribute flyers to those individuals indicating the terms of the following agreement and to inform them of the coming storm.

WHEREAS, the Parties now desire, without any admission of wrongdoing, fault or

liability of any Party to any other Party, and solely for the purpose of resolving the Action in an economic and efficient manner, to settle the entire Action pursuant to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and for good and valuable consideration, the adequacy and sufficiency of which is acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

1. **Incorporation of Recitals.** The above Recitals form a material part of this Agreement, are true and correct, and are incorporated herein by this reference and made a part hereof.

2. **Dismissal of the Action and Application for TRO.** Plaintiff, through counsel, shall within one court day of the effective date of this Agreement dismiss the Action with prejudice, but this Agreement shall be attached to the Request for Dismissal which shall provide that the United States District Court retains jurisdiction to enforce the terms of the Agreement.

3. **Agreement to Waive Future Claims.** Plaintiff shall not file any future legal challenges based upon the same or similar facts (i.e. involving the displacement of any homeless persons and their belongings from the Project Area) as alleged in the Action, against the County, the OCFCD, any individual members of the County Board of Supervisors, and any and all officers, employees, agents, representatives, assigns, and/or successors of the County and/or the OCFCD.

4. **Attorneys' Fees Related to Action.** In exchange for dismissal of the Action with prejudice, the County agrees to pay Plaintiff's reasonable and substantiated attorneys' fees, in an amount to be presented to the County by the ACLU no later than February 17, 2017. Should the parties be unable to agree to the amount of attorneys' fees owing to Plaintiff, Plaintiff may file a Motion for Attorneys' Fees in the United States District Court. In response to any such Motion, the County shall not argue that Plaintiff is not legally entitled to attorneys' fees, and may object only as to amount or reasonableness of fees claimed.

5. **No Admission of Fault**. Neither the County nor the OCFCD, nor any officer, employee, or agent of the County or the OCFCD, through this Agreement or otherwise, are in any way admitting to fault or wrongdoing in relation to events or circumstances challenged in the Action.

6. **County Posting Obligation In the Project Area.** OCFCD shall clearly post by February 17, 2017 notice of an extended final date of February 23, 2017 that instructs all persons presently encamped in the Project Area (as shown in Attachment A hereto) to vacate the Project Area and said notice shall further indicate that, after February 23, 2017, all personal property existing in the Project Area will be impounded, that refuse will be disposed, and that any remaining temporary structures shall be dismantled and treated as refuse.

7. **County Handling of Impounded Personal Property.** OCFCD shall hold personal property items not removed from the Project Area by February 23, 2017 at an OCFCD

facility for pick-up. Impounded personal property will be held by OCFCD for 90 days from February 23, 2017. From the effective date of this Agreement until 90 days after February 23, 2017, in order to allow persons to recover personal property from the facility, OCFCD shall provide, upon request, and at no charge, bus passes or transportation (1) to the storage facility, and (2) from the storage facility to a destination within Orange County (but not to a location within the Santa Ana Riverbed or Project Area.)

8. **Access to Project Area through February 23, 2017.** OCFCD shall ensure adequate ingress and egress to and from the Project Area until February 23, 2017. Prior to February 23, 2017, OCFCD, shall, upon request, assist with the recovery of personal property within the Project Area and shall dispose of refuse within the Project Area. Commencing on February 23, 2017, the OCFCD may proceed with the Project and may enforce existing trespassing laws and restrict public access, use, and habitation within the Project Area. Plaintiff agrees that, on or after February 23, 2017, he will not, obstruct or interfere with the Project or its completion.

9. **Emergency Access to Project Area**. OCFCD shall ensure access for emergency vehicles and personnel to the Project Area through February 23, 2017.

10. **No Trespassing.** The Project Area is, and will continue to be, demarcated as "No Trespassing." The County contends that the Santa Ana Riverbed and Project Area are not safe for public access, use, or habitation.

11. **Reservation of Right to Enforce Laws in Project Area**. The County and OCFCD will vigorously monitor the Project Area. The County and OCFCD reserve the right to respond to and address illegal activity occurring on OCFCD property.

12. **Entire Agreement/Modifications.** This Agreement contains the entire agreement and understanding between the Parties and supersedes any and all prior agreements, arrangements or understandings of any kind or nature between the Parties with regard to the subject matters hereof. The Agreement may not be amended or modified except by written agreement signed by all Parties.

13. **Mutual Drafting/Titles.** The Parties and signatories hereto, and each of them, agree and acknowledge that the terms and language of this Agreement have been jointly drafted by all Parties and that the provisions of this Agreement are to be construed without regard to which Party or its counsel may have drafted the same. Headings and titles are used throughout this Agreement solely for the convenience of the Parties and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision herein.

14. **Counterparts.** The Agreement may be signed in counterparts and faxed or email signatures shall be considered the same as original signatures.

15. **Warranty of Authority.** Each signatory to the Agreement warrants that he/she is duly authorized by the Party he/she represents, to sign the Agreement on that Party's behalf.

16. **Enforcement of Terms of the Agreement.** This Agreement shall be effective on February 17, 2017. The parties agree that the Court shall retain jurisdiction over this matter for the sole purpose of enforcing the terms of this agreement. If either party believe the the other party has violated the terms of the agreement, the party shall notify the other party and make a good faith effort to resolve the matter before making a motion with the Court to enforce the terms of the agreement.

The undersigned agree to the terms of this Agreement:

**FOR THE COUNTY OF ORANGE, SHANE SILSBY, DIRECTOR OF OC PUBLIC WORKS, AND SANDRA HUTCHENS, SHERIFF-CORONER:**

Dated: February 16, 2017

By: Shane Silsby
Shane Silsby
Director, Orange County Public Works
County of Orange

Dated: 2/16/, 2017

By: Leon Page
Leon Page
County Counsel
County of Orange

**FOR THE PLAINTIFF:**

Dated: 2-16, 2017

By: Michael J Diehl
Title: Michael J. Diehl / Plaintiff
For Plaintiff Michael Diehl

**APPROVED AS TO FORM ONLY BY PLAINTIFF'S COUNSEL:**

Dated: 2/16, 2017

By: Brendan Hamme
Title: Staff Attorney
For American Civil Liberties Union of Southern California